Thomas F. Jeffrey SBN 110974
Law Office of Thomas F. Jeffrey
1400 N. Dutton Avenue, Suite 21
Santa Rosa, CA 95401
Telephone: (707) 543-8530
Facsimile: (707) 543-8549

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-10652 |
| PATRICIA KENDALL, | Chapter 13 |
| *Debtor.* | |
| PATRICIA KENDALL, | |
| *Plaintiff,* | |
| v. | |
| THE BANK OF NEW YORK MELLON, TRUSTEE, SHELLPOINT MORTGAGE SERVICING, SHELLPOINT PARTNERS, LLC, PEAK FORECLOSURE SERVICES, INC., and DITECH FINANCIAL, LLC, f.d.b.a. GREEN TREE SERVICING, LLC, | |
| *Defendants.* | |

**COMPLAINT FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105**

Plaintiff alleges:

Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core proceeding under 28 U.S.C. §157 (B)(2)(F) and is brought under 11 USC §§ 506 and 1322, and FRBP Rule 7001(2).

General Allegations

3. On March 5, 2012, Plaintiff filed a Voluntary Petition for relief under Chapter 13, Case No. 12-10652 (hereafter the "Base Case"). David Burchard is the duly appointed and acting trustee.

4. Defendants THE BANK OF NEW YORK MELLON, Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-4, Mortgage Pass Through Certificates, Series 2004-4 (hereafter "THE BANK OF NEW YORK MELLON"), SHELLPOINT MORTGAGE SERVICING, SHELLPOINT PARTNERS, LLC, PEAK FORECLOSURE SERVICES, INC., and DITECH FINANCIAL, LLC, f.d.b.a. GREENTREE SERVICING, LLC are and were corporations, limited partnerships, limited liability companies or national associations conducting business in the State of California.

5. Defendants THE BANK OF NEW YORK MELLON, SHELLPOINT MORTGAGE SERVICING, SHELLPOINT PARTNERS, LLC, PEAK FORECLOSURE SERVICES, INC., and DITECH FINANCIAL, LLC, f.d.b.a. GREENTREE SERVICING, LLC, hold a first deed of trust against plaintiff's home, located at 206 Webster Street, Petaluma, CA 94954, and more particularly described as "Lot 4, in Book 2, of the Hillside Tract, in the City of Petaluma, County of Sonoma, State of California, as per official map of the City of Petaluma by E.G. Harriman, C.E., APN 008-081-005-000 (hereafter the "Property"). The first deed of trust was recorded on February 13, 2004 as Document No. 2004019672 in the Sonoma County Recorder's Office. Plaintiff is informed and believe and thereon alleges the fair market value of the Property is approximately $850,000.00.

6. Defendant GREENTREE SERVICING, LLC holds a second deed of trust against the Property that was recorded on September 26, 2007 as Document No. 2007104615 in the Sonoma County Recorder's Office.

Claim For Relief
[11 USC § 506(a)]

7. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 6 as if fully set forth herein.

8. On April 22, 2014, the court entered an order granting the motion of Defendant THE BANK OF NEW YORK MELLON for relief from stay. Since entry of that order, plaintiff and defendants have been working to finalize a loan modification that would have brought the first deed of trust current.

9. On or about August 15, 2016 plaintiff learned that Defendants THE BANK OF NEW YORK MELLON, SHELLPOINT MORTGAGE SERVICING, SHELLPOINT PARTNERS, LLC, PEAK FORECLOSURE SERVICES, INC., and DITECH FINANCIAL, LLC, f.d.b.a. GREENTREE SERVICING, LLC had scheduled a foreclosure sale despite the discussions concerning loan modification.

10. Plaintiff has received offers to sell the Property, which include a written offer from pre-qualified buyers for a sale price of $850,000.00. Plaintiff is informed and believes that the balance of the first deed of trust is approximately $623,987.87 and the balance of the second deed of trust is approximately $40,000.00, leaving equity of $186,012.13 before taking into account costs of sale.

11. Plaintiff has tried to get defendants to postpone the foreclosure sale to allow time for the escrow to close on sale of the property and to obtain court permission to pay off her chapter 13 from the sale proceeds. Doing so will benefit all creditors and plaintiff in that there

are more than enough funds to pay the secured claims and the balance of the plan in full. As of the time of filing this complaint, Defendants have not agreed to a postponement and said it will take 24-28 hours to "process" the request, which does even not mean the request will be approved or denied.

WHEREFORE, plaintiff prays the court enter judgment as follows:

1. For temporary, preliminary, and injunctive relief to stop foreclosure of the Property.
2. Awarding Plaintiff costs of suit, if any; and
3. Granting Plaintiff such other relief as is just and proper.

Dated: August 30, 2016.

*/s/ Thomas F. Jeffrey*
Thomas F. Jeffrey
Attorney for Plaintiff